# 𝔚𝔂𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## NANNIE WOODS v. COMMONWEALTH.

86 929
86 934
86 936

### June 19th, 1890.

1. RULE OF DECISION—*Code, sec.* 3484.—Where the evidence (not the facts) is certified, the appellate court must dispose of the case as on a demurrer to evidence.
2. CRIMINAL PROCEEDINGS—*Accomplice—Witness.*—Unless an accomplice has been previously *sentenced* for an infamous offense, he is a competent witness against a prisoner indicted for a crime, and the latter may be convicted on his testimony alone, the jury being the judge of his credibility.

Error to judgment of circuit court of Franklin county affirming a judgment of county court of said county rendered December 16, 1889, whereby Nannie Woods, the plaintiff in error, was sentenced to be hanged, in accordance with the verdict at the trial of an indictment against her and others for arson. Opinion states the case.

*J. P. Lee,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the commonwealth.

LEWIS, P., delivered the opinion of the court.

The only question in this case is, whether the county court erred in overruling the prisoner's motion for a new trial. The evidence (not the facts) is certified, and hence the case must be disposed of as on a demurrer to evidence. Code, sec. 3484.

It appears from the certificate of evidence that on the 7th of October, 1889, in the night, the warehouse of Hale & Binford, in the town of Rocky Mount, was set on fire, by the burning whereof, the dwelling house mentioned in the indictment was burnt. The principal witness for the commonwealth was George Early, an accomplice, and whose case has just been disposed of. His testimony, as certified in the bill of exceptions, is as follows:

That on the night of the 7th October, 1889, he had a dance at his house, at which the prisoner was present; that he and one William Brown (who has also been convicted of the same crime) had a conversation in which he, Brown, told him that he, Brown, and one Bird Woods (who also has been convicted of the crime) had some particular business to attend to up town; that about half an hour before the fire, the said William Brown left his house in company with Nannie Woods, the prisoner; that he followed after them in a short time at the distance of about twenty-five or fifty yards; that they followed the road by Helms' factory and the depot, and went up to the warehouse, and entered the alley between the warehouse and the Presbyterian church, and there met the said Bird Woods, who had an oil can. The three stopped at or near the northwestern corner of the warehouse, poured oil upon it and struck the match, kindling the fire which burnt the house, and that Nannie Woods, the prisoner, held up her apron or shawl; that the three then left, getting over the fence into the yard of Sims' stables, and went away in that direction; that he, Early, then went home, not joining the others, and said nothing about it until after his arrest; that he watched the three from the distance of about twenty-five or fifty yards.

On cross-examination the witness said that he was entirely innocent of any complicity in the crime; that he knew of no design or plan laid to burn the town; that the first intimation he had that anything was going to be done was when William

Brown told him that he and Bird Woods had some business to do up town; that his curiosity was raised, and he followed William Brown and Nannie Woods out of curiosity alone; that when he first confessed, he said that he had seem William Brown and Bird Woods set the warehouse on fire, that if he did not implicate Nannie Woods at the same time, he did not know why he did not.

There was evidence for the defense tending to prove an *alibi;* but as it is in conflict with the evidence for the commonwealth, it must be rejected, according to the rule above mentioned. So that the real question is, were the jury warranted in finding a verdict of guilty upon the uncorroborated testimony of Early? And there is no doubt that they were.

"The degree of credit," says Greenleaf, "which ought to be given to the testimony of an accomplice, is a matter exclusively within the province of the jury. It has sometimes been said that they ought not to believe him, unless his testimony is corroborated by other evidence; and, without doubt, great caution in weighing such testimony is dictated by prudence and good reason. But there is no such *rule of law,* it being expressly conceded that the jury may, if they please, act upon the evidence of the accomplice without any confirmation of his statement." 1 Greenl. Ev., sec. 380. The general practice, however, as the author observes, is for the judge to advise the jury not to convict of felony upon the testimony of an accomplice alone and without corroboration, although the failure to do so is not error.

In *Dove's case,* 82 Va., 301, it was said: "An accomplice is unquestionably a competent witness against a prisoner charged with crime, unless he has been previously convicted of an infamous offense, and he is competent *alone*—that is, the accused may be convicted on the testimony of an accomplice uncorroborated by that of any other witness, it being the duty of the jury in all cases to consider the evidence and judge of the

credit of the witnesses," citing *Byrd's case*, 2 Va. Cases 490; *Brown's case*, 2 Leigh, 832; *Oliver's case*, 77 Va., 590.

This rule, applied to the present case, requires an affirmance of the judgment, and it is accordingly affirmed.

JUDGMENT AFFIRMED.